UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY MICHAEL CIELTO,<br><br>    Petitioner,<br><br>    v.<br><br>MATTHEW CATE, CDCR DIRECTOR,<br><br>    Respondent. | No. EDCV 11-1750 VBF (FFM)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS TIME-BARRED |

Petitioner, a prisoner in state custody proceeding *pro se*, constructively filed[1] a Petition for Writ of Habeas Corpus ("Petition") on or about October 27, 2011. Petitioner challenges a 1999 conviction and sentence for bank robbery and false imprisonment with firearm enhancements. Petitioner alleges that the California Supreme Court denied direct review of his conviction on an unknown date. (Petition at ¶ 4c.) Petitioner also alleges that he has filed two habeas petitions in state court with respect to his judgement of conviction. (*Id*. at ¶6.)

---

[1] A *pro se* prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

1. **LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001). Where, as here, the challenged judgment was affirmed by the state's highest court, the period of direct review ends either when the petitioner failed to file a *certiorari* petition in the United States Supreme Court and the 90-day period for doing so has expired, or when the Supreme Court has ruled on a filed petition. *See Clay v. United States*, 537 U.S. 522, 527-32 and ns. 3-4, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

In this case, petitioner does not appear to have filed a *certiorari* petition in the United States Supreme Court. (*See* Petition.) Thus, under section 2244(d)(1)(A), petitioner's conviction became final 90 days after the denial of the petition for review by the California Supreme Court. *See Clay*, 537 U.S. at 527-32 and ns.3, 4; 28 U.S.C. § 2101(d); Sup. Ct. R. 13.1. Although petitioner states that the date the California Supreme Court denied his petition for review on direct review is unknown, the California Appellate Courts website[2] reveals that the

---

[2] The Court takes judicial notice of the docket of petitioner's petition for review to the California Supreme Court on direct appeal as reflected in the website of the California Appellate Courts located at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1819730&doc_no=S088036. The Docket shows that petitioner's petition for review by the California Supreme

(continued...)

petition for review was denied by the Supreme Court on June 21, 2000. Therefore, petitioner's conviction became final on September 19, 2000. Accordingly, the one-year limitations period expired on September 19, 2001. *Patterson*, 251 F.3d at 1245-47. Because petitioner did not initiate the current proceedings until October, 2011, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

**2.    STATUTORY TOLLING**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The statute of limitations is not tolled between the date on which a judgment becomes final and the date on which the petitioner filed his first state collateral challenge because there is no case "pending." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Once an application for post-conviction review commences, it is "pending" until a petitioner "complete[s] a full round of [state] collateral review." *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003) (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)). "One full round" generally means that the statute of limitations is tolled while a petitioner is properly pursuing post-conviction relief, from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge. *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); *see also Nino*, 183 F.3d at 1006; *Delhomme*, 340 F.3d at 819. The period tolled includes the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the

---

[2](...continued)
Court was denied on June 21, 2000.

filing of those petitions are "reasonable." *Delhomme*, 340 F.3d at 819 (citing *Biggs*, 339 F.3d at 1048 n.1).

Here, petitioner does not appear to be entitled to any statutory tolling. Petitioner alleges that he filed two state habeas petitions (case nos. S148591 and S124615) in the California Supreme Court. Although petitioner does not indicate the date those petitions were filed, the Court again takes judicial notice of the content of the California Courts of Appeal website. The Dockets for these two proceedings reveal that petitioner filed the earlier of these petitions on May 6, 2005.[3] Petitioner also attached to the Petition a copy of a Superior Court order denying a habeas petition in that court on February 1, 2010. (*See* Exhibit D to Petition.) The order states that petitioner filed that petition on January 22, 2010.

Thus, petitioner filed his first state collateral attack no earlier than May 6, 2005. But by that time, nearly five years had passed since September 19, 2000, the date on which petitioner's conviction became final. As such, none of petitioner's state habeas petitions could have tolled the statute of limitations because the limitation period had already expired before he filed any of those petitions. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of a limitations period that has ended before the state petition was filed"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (holding that state habeas petition filed after expiration of AEDPA limitation period could not toll limitation period "because the limitations period had already run"); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (application of section 2244(d)(2) "'tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run'") (citation omitted).

---

[3]  *See* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1856294&doc_no=S124615.

### 3. EQUITABLE TOLLING

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible *and* the petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). The petitioner bears the burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Nothing in the Petition suggests that petitioner may be entitled to any equitable tolling.

### 4. ORDER TO SHOW CAUSE

Because the Petition does not demonstrate any basis for tolling the statute, the Court orders petitioner to show cause in writing within 15 days of the date of this order why the Petition should not be dismissed as time-barred. If petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed as time-barred and/or for failure to prosecute.

IT IS SO ORDERED.

DATED: November 8, 2011

                                             /S/ FREDERICK F. MUMM
                                             FREDERICK F. MUMM
                                          United States Magistrate Judge